```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JIANGSU GUOTAI INTERNATIONAL GROUP                                      :
GUOMAO CORPORATION, LIMITED,                                            :
                                                                        :   18-CV-2699 (JMF)
                          Plaintiff,                                    :
                                                                        :   MEMORANDUM OPINION
             -v-                                                        :   AND ORDER
                                                                        :
JAD INTERNATIONAL INCORPORATION,                                        :
IMARGINX GROUP CORPORATION, JAMES                                       :
DOWNEY, JOHN and JANE DOE(S) 1-10, and XYZ                              :
CORP(S), 1-10,                                                          :
                                                                        :
                          Defendants.                                   :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Invoking this Court's diversity jurisdiction, Plaintiff Jiangsu Guotai International Group Guomao Corporation, Limited ("Jiangsu"), a Chinese manufacturer of specialty goods, sues JAD International Incorporation ("JAD"), IMARGINX Group Corporation ("IMARGINX"), James Downey, and various individual and corporate John Doe Defendants (collectively, "Defendants") for breach of contract, unjust enrichment, fraud, fraud in the inducement, conspiracy to commit fraud, and detrimental reliance. *See* Docket No. 33 ¶¶ 1, 300-06. The particulars of the parties' disputes are irrelevant for present purposes. For now, it suffices to say that the gravamen of Jiangsu's claims is that Defendants failed to pay for goods that they received in connection with a series of contracts, each of which contained a broad arbitration clause. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint, either for lack of subject-matter jurisdiction or based on an agreement between the principal parties to arbitrate their disputes before the China International Economic and Trade Arbitration Commission ("CIETAC"). *See* Docket No. 37.

Defendants' subject-matter jurisdiction argument stems from the fact that Jiangsu originally named as Defendants three men who allegedly served as intermediaries with JAD and/or IMARGINX and their principal, Downey, one of whom — like Jiangsu — is a Chinese citizen. *See* Docket No. 38 ("Defs.' Mem."), at 12-13.[1] Defendants assert that while the Chinese intermediary is not named as a Defendant in the Second Amended Complaint, he is one of the John Doe Defendants and, thus, complete diversity is lacking. *See id.* at 13.[2] Under these circumstances, there may well be some "reason to be suspicious about the jurisdictional impact of the Doe Defendants" — that is, to infer that the John Doe Defendants are the dropped Defendants, and accordingly, that the parties are not diverse. *Lee v. Jarecki*, No. 18-CV-9400 (CM), 2019 WL 948881, at *6 (S.D.N.Y. Feb. 14, 2019), *appeal filed*, No. 19-491 (2d Cir. Feb. 26, 2019). The remedy for that problem, however, is not dismissal of the action altogether, but rather dismissal of the John Doe Defendants, none of whom comes close to qualifying as a necessary party within the meaning of Rule 19 of the Federal Rules of Civil Procedure. *See Lee*, 2019 WL 948881, at *5-6; *see also Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009) ("[C]ourts may cure a jurisdictional defect by dismissing a dispensable nondiverse party (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004))). Accordingly, the claims against the John Doe Defendants are dismissed. Defendants' motion to dismiss for lack of subject-matter jurisdiction (that is, against the named Defendants) is otherwise denied.

---

[1]  Strictly speaking, Defendants ask the Court to dismiss for lack of subject-matter jurisdiction only if the Court declines to compel arbitration. But subject-matter jurisdiction is a threshold issue and, in the absence of subject-matter jurisdiction, the Court has no power to compel arbitration. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998). Accordingly, the Court addresses it first.

[2]  Defendants explicitly note that they do *not* argue that dismissal is required because the Chinese intermediary is a necessary party within the meaning of Rule 19 of the Federal Rules of Civil Procedure whose joinder would defeat subject-matter jurisdiction. *See* Docket No. 40 ("Defs.' Reply"), at 7-8. Accordingly, the Court need not and does not address that question.

Defendants' alternative request, for an order compelling arbitration before CIETAC, is on firmer ground. Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "Convention"), *reprinted at* 9 U.S.C. § 201, which is codified as Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-08, "courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms," *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011).[3] Here, Jiangsu's conclusory assertions to the contrary notwithstanding, *see* Pl.'s Mem. 9-10, the terms of the parties' broad arbitration clauses — which apply to "[a]ll disputes arising from the execution of, or in connection with" the contracts — mandate arbitration of all claims before CIETAC. Docket No. 16-1, at 2-4; Docket No. 16-2, at 2; Docket No. 16-6, at 2.[4] That is plainly true with respect to Jiangsu's contract claims; but it is true with respect to its non-contract claims as well, as they all arise from the parties' contractual relationship. *See, e.g.*, *Garten v. Kurth*, 265 F.3d 136, 143 (compelling arbitration where the plaintiff could not demonstrate a "substantial relationship between the fraud or misrepresentation and the arbitration clause in particular." (quoting *Campaniello Imps., Ltd. v. Saporiti Italia, S.p.A.*, 117 F.3d 655, 667 (2d Cir. 1997)); *see also, e.g.*, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (holding that claims for fraud in the inducement of a contract generally, as opposed to fraud in the inducement of the

---

[3] The Convention applies because Jiangsu is domiciled outside the United States. *See, e.g.*, *Travelport Glob. Distrib. Sys. B.V. v. Bellview Airlines Ltd.*, 12-CV-3483 (DLC), 2012 WL 3925856, at *2 (S.D.N.Y. Sept. 10, 2012). Accordingly, contrary to Jiangsu's assertions, *see* Docket No. 39 ("Pl.'s Mem."), at 6-8, the Court need not engage in a choice-of-law analysis, *see, e.g.*, *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir. 1987) (applying "generally accepted principles of contract law" to a commercial dispute brought under the Convention).

[4] Strictly speaking, there are two sets of contracts at issue in this case. The language in the second set differs slightly, *see* Docket No. 16-2, at 4; Docket No. 16-6, at 4; Docket No. 16-8, at 3, 5, 7 (calling for arbitration of "[a]ll disputes arising in connection with this Sales Contract or the execution thereof"), but the differences are immaterial here.

3

arbitration provision specifically, are for an arbitrator to decide). And finally, it is true even as to Jiangsu's claims against Downey, although he is not a signatory to the parties' contracts, as those claims "are intertwined with" the agreements between Jiangsu and the other named Defendants. *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999); *accord Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 361 (2d Cir. 2008); *Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*, 271 F.3d 403, 406 (2d Cir. 2001).

The only remaining question is whether the Court should dismiss or stay pending arbitration before CIETAC. The parties dispute whether a stay is mandatory in light of *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015), in which the Second Circuit "join[ed] those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested." *Id.* at 345; *compare* Defs.' Mem. 11, *and* Defs.' Reply 6, *with* Pl.'s Mem. 12-13. But whether a stay is mandatory or merely discretionary, the Court agrees with Jiangsu that a stay is more appropriate than dismissal to avoid unnecessary delay in the arbitral process due to appellate review. *See, e.g., Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 643-44 (S.D.N.Y. 2011). That said, the Court sees no reason to keep the case open pending arbitration. Accordingly, the Clerk of Court is directed to (1) terminate John and Jane Doe(s) 1-10 and XYZ Corp(s) 1-10 as parties; (2) terminate Docket No. 37; and (3) administratively close the case, without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

SO ORDERED.

Dated: March 15, 2019
      New York, New York

_____
JESSE M. FURMAN
United States District Judge